Argued and submitted August 31, 1995, reversed and remanded for new trial
January 3, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID LEONARD FISKEN,
*Appellant.*

## (930725M; CA A85503)

909 P2d 206

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan A. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. The issue is whether the trial court erred in allowing testimony as to the numeric value of defendant's blood alcohol level, as indicated by the Horizontal Gaze Nystagmus (HGN) test. We reverse and remand for a new trial.

On May 8, 1993, Oregon State Police Trooper Snook was patrolling Interstate 5 when he observed defendant's vehicle drifting and weaving within its lane. The vehicle's fluctuating speed and driving patterns led Snook to suspect that the driver of the vehicle was under the influence of intoxicants, so he stopped defendant. As Snook approached the vehicle to contact defendant, he smelled the odor of alcohol. After informing defendant of the reason for the stop and asking him several preliminary questions, Snook administered field sobriety tests, including an HGN test.[1] Based on the results of the field sobriety tests, Snook arrested defendant for DUII. After the arrest, defendant submitted to a chemical test of his breath, which registered a blood alcohol level of .09 percent. Defendant was subsequently charged with DUII.

At defendant's trial, Snook testified that he had administered the HGN test as part of his standard battery of field sobriety tests for 10 years and that he had undergone extensive training in predicting blood alcohol levels using the HGN test. Over defendant's objection, Snook then expressed his opinion that, based on the nystagmus cues revealed during the HGN test, defendant had a blood alcohol level of 0.10 percent or higher. The breath test result and a videotape of the field sobriety tests were also admitted into evidence. A jury convicted defendant of DUII and he was placed on probation for 36 months. On appeal, defendant argues that the trial court erred in allowing Snook to estimate defendant's blood alcohol level from the HGN test results.

---

[1] The HGN test measures the onset of nystagmus, or involuntary oscillation, of the eye as it tracks a moving object. The test consists of six parts, three for each eye, and the presence of nystagmus in four or more parts of the test indicates that the subject may be under the influence of alcohol. *State v. O'Key*, 321 Or 285, 294-95, 899 P2d 663 (1995).

The Supreme Court recently addressed the admissibility of HGN test evidence in *State v. O'Key*, 321 Or 285, 889 P2d 663 (1995). The court held that,

> "subject to a foundational showing that the officer who administered the test was properly qualified, the test was administered properly, and the test results were recorded accurately, HGN test evidence is admissible in a DUII proceeding to establish that a defendant was under the influence of intoxicating liquor *but, under ORS 813.010-(1)(a), is not admissible to prove that a defendant had a BAC [blood alcohol content] of .08 percent or more."* 321 Or at 322-23 (emphasis supplied).

Because HGN test results are not admissible to establish that a defendant had a blood alcohol level of .08 percent or more, the trial court erred in allowing Snook to testify that, based on the HGN test, defendant's blood alcohol level was over .10 percent.

██ The state urges us to affirm defendant's conviction notwithstanding any evidentiary error. Error is harmless under Article VII (Amended), section 3, of the Oregon Constitution if there is little likelihood that the error affected the verdict. *State v. Williams*, 313 Or 19, 56, 828 P2d 1006, *cert den* 506 US 858, 113 S Ct 171 (1992). The state contends that, independent of the challenged evidence, there is substantial evidence of defendant's guilt, *e.g.*, defendant's vehicle was drifting and weaving on the highway, he smelled of alcohol, he admitted to consuming alcohol and slightly feeling its effect, he performed poorly on the field sobriety tests and the Intoxilyzer reading of his blood alcohol level was .09 percent.

Other than the inadmissible estimation of defendant's blood alcohol level based on the HGN test, the only quantifiable evidence of defendant's intoxication was the breath test result. However, the accuracy of the .09 percent Intoxilyzer reading was thrown into doubt by allegations at trial that the machine was not working properly. In the light of the evidence about the accuracy of the breath test, an alternative quantification of defendant's blood alcohol level from the HGN test, which Snook characterized as very

reliable, may have influenced the jury's decision.[2] As the Supreme Court noted in *O'Key*, "[e]vidence perceived by lay jurors to be scientific in nature," such as HGN test evidence, "possesses a high degree of persuasive power." 321 Or at 291. We cannot say that there is little likelihood that the evidentiary error affected the verdict.

Defendant's remaining assignment of error does not require discussion.

Reversed and remanded for a new trial.

---

[2] It is not clear whether the jury convicted defendant on a finding that his blood alcohol level exceeded .08 percent, ORS 813.010(1)(a), or on a finding that he was under the influence of intoxicating liquor, ORS 813.010(1)(b).